ANGUS K. NICHOLSON, LOUIS L. WINKELMAN, Copartners, etc., Appellants, *v.* CHARLES S. SPRAGUE and HARRY SCHWAIKERT, Respondents.

Appeal from an order of the Appellate Term, entered on the 22d day of January, 1915, reversing an order of the City Court overruling a demurrer to the complaint.

PER CURIAM: By the allegations of the complaint it appears that the defendants took over the assets of the corporation and assumed its liabilities. That of course included only liabilities existing at the time of the transfer and assumption thereof. There is no allegation in this complaint that at that time any liability existed in favor of the plaintiffs against the corporation, as it is only alleged that prior to the commencement of the action the defendants assumed any liability. To sustain a cause of action in favor of the plaintiffs it must appear that at the time of the assumption of the liabilities such liabilities existed in favor of the plaintiffs against the corporation. For this reason the determination appealed from is affirmed, with ten dollars costs and disbursements; the plaintiffs to have leave to amend within ten days on payment of costs in this court and in the court below. Present — Ingraham, P. J., Clarke, Scott, Dowling and Hotchkiss, JJ. Determination affirmed, with ten dollars costs and disbursements, with leave to plaintiffs to serve an amended complaint on payment of costs in this court and in the court below.

---

THOMAS H. WESLEY, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

*New York city — claim for injuries.*

Appeal from an order of the Appellate Term, entered in the New York county clerk's office on the 5th day of February, 1915, affirming a judgment of the Municipal Court of the city of New York.

PER CURIAM: We do not agree with the Appellate Term in the reasoning upon which it affirmed this judgment, but according to the evidence it appears that no verified claim was served upon the comptroller, as required by the charter. All that was served upon him was a typewritten paper with a typewritten signature and without venue. We do not think that that was a sufficient compliance with the provision of section 261 of the charter of the city of New York,* which requires a verified statement showing in detail the property alleged to have been damaged or destroyed and the value thereof. The determination appealed from should, therefore, be affirmed, with costs. Present — Ingraham, P. J., Clarke, Scott, Dowling and Hotchkiss, JJ. Determination affirmed, with costs.

---

* See Laws of 1901, chap. 466, § 261, as amd. by Laws of 1912, chap. 452.— [REP.